**Donald A. JENSEN, Plaintiff,**

v.

**Anthony M. FRANK, Postmaster General of the United States Postal Service, Defendant.**

**Civ. A. No. 85–3030–Mc.**

United States District Court, D. Massachusetts.

Nov. 28, 1989.

Stephen A. McNerney, Moore, McNerney & Cahn, Worcester, Mass., for plaintiff.

Frederick E. Dashiell, Asst. U.S. Atty., for defendant.

MEMORANDUM AND ORDER GRANT-ING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DE-NYING PLAINTIFF'S MOTION FOR SANCTIONS

McNAUGHT, District Judge.

This is a civil rights action brought by a former clerk of the United States Postal Service under section 717(c) of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e–16(c). The plaintiff alleges that his removal from his clerk position at the Worcester, Massachusetts Post Office constituted illegal national origin discrimi-nation.

Mr. Jensen was removed from the Postal Service effective February 11, 1983 for vio-lating section 661.56 of the Employee & Labor Relations Manual which prohibits federal employees from gambling while on duty or on United States property. The American Postal Workers' Union pursued a grievance on his behalf. The arbitration decision was adverse to the Union. During the pendency of the grievance, Mr. Jensen contacted a Postal Service Equal Employ-ment Opportunity ("EEO") Counselor to file an informal administrative complaint of discrimination. After counseling, Mr. Jen-sen filed a formal administrative complaint with the Postal Service. Mr. Jensen al-leged that he was discriminated against because of his Lithuanian and Italian ori-gin. Mr. Jensen submitted a list of alleged similarly situated employees who were treated more favorably than he.

The Postal Service rejected Mr. Jensen's complaint as untimely because he had failed to contact an EEO counselor within the 30–day period prescribed in an Equal Employment Opportunity Commission ("EEOC") Regulation [29 C.F.R. § 1613.214(a)(1)(i) ]. Mr. Jensen appealed to the Equal Employment Opportunity Commission Office of Review and Appeals. The EEOC denied his appeal and told him that it was a final decision and that he had 30 days from receipt of the decision to file

a civil action. The EEOC further advised Mr. Jensen that failure to file the action would result in the loss of any right to pursue the matter in federal court.

On May 9, 1984 Mr. Jensen again con-tacted an EEO counselor within the Postal Service regarding his removal. He filed a second formal administrative complaint alleging that he was removed because of his Lithuanian origin. He asserted that 14 months after his removal, another employ-ee, Mr. Macarusco was treated more favor-ably by the Worcester, Massachusetts Postmaster. Although Mr. Macarusco was also charged with violating section 661.56, he was suspended and not removed from his job. The Postal Service rejected Mr. Jensen's second administrative complaint. It found that his first complaint involved the same matter as the earlier one. Mr. Jensen appealed the Postal Service's final decision and on June 26, 1985, the EEOC affirmed the decision.

This matter is before the Court on two motions. Defendant has filed a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment. Plaintiff has filed a motion for sanctions against the defendant pursuant to Rule 16(f) of the Federal Rules of Civil Proce-dure for failing to comply with a schedul-ing order.

The motion for summary judgment is granted. The plaintiff failed to contact an EEO counselor within the 30–day limit pre-scribed in 29 C.F.R. § 1613.214(a)(1)(i). The Postal Service's alleged act of discrimi-nation occurred no later than January 6, 1983 when it notified Mr. Jensen that he would be removed from the Postal Service effective February 6, 1983. Mr. Jensen did not contact an EEO counselor until June 22, 1983.

Plaintiff alleges that he did not become aware that his removal was discriminato-rily based on his Lithuanian origin until April 24, 1984. On April 24, 1984 the plain-tiff apparently learned that another em-ployee, Mr. Macarusco, was charged with illegal gambling and was suspended and not removed. Mr. Jensen has failed to show that he in fact did learn for the first

time on April 24, 1984 that his removal constituted unlawful national origin discrimination. In his first formal EEO administrative complaint dated September 21, 1983, he alleged that the basis for his allegation of discrimination concerning his removal was his Italian/Lithuanian origin. Plaintiff, who was represented by counsel during the time of his suspension and discharge from the Postal Service, asserted national origin discrimination as the basis for his discharge as early as June 22, 1983. Therefore, Mr. Jensen's filing was untimely.

The Court of Appeals for the First Circuit has not yet stated firmly whether the limitation period in 29 C.F.R. § 1613.214(a)(1)(i) is subject to equitable modification. Even assuming that the limitations period is subject to equitable modification, I would not invoke it here. In *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984) the Supreme Court held that equitable modification may be granted where:

> a claimant has received inadequate notice, or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, or where the court has led the plaintiff to believe that [he] had done everything required of [him], ... [or] where affirmative misconduct on the part of the defendant lulled the plaintiff into action.

None of the bases mentioned in the *Baldwin County* decision appear here. Nor does any other ground which calls for equitable modification.

The motion for sanctions is denied.

SO ORDERED.